United States District Court
Southern District of Texas
**ENTERED**
September 18, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| BRANNON MELANCON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. H-26-3034 |
| | § | |
| SCHLUMBERGER TECHNOLOGY CORPORATION, *et. al.*, | § | |
| | § | |
| | § | |
| Defendants. | § | |
| | § | |

ORDER

Pending before the Court is Plaintiff's Motion to Remand (Document No. 7). Having considered the motion, submissions, and applicable law, the Court determines that the motion should be denied.

I. BACKGROUND

This case involves injuries that Plaintiff Brannon Melancon allegedly suffered while working offshore on Defendants Transocean Offshore Deepwater Drilling Inc. ("Transocean") and Triton Capital I GMBH's ("Triton") drillship (the "Vessel"). Plaintiff was employed by Defendant Schlumberger Technology Corporation ("Schlumberger"). On February 18, 2025, Plaintiff was working on the Vessel's pipe deck when he sustained injuries to his shoulder and had to be transported off of the Vessel for medical treatment.

Based on the foregoing, on March 12, 2026, Plaintiff brought suit in the 333rd Judicial District Court of Harris County, Texas, asserting a claim for negligence against all Defendants, a claim for unseaworthiness against Transocean and Triton, and a claim for failure to pay maintenance and cure against Schlumberger.[1] On April 16, 2026, Defendants removed the case to this Court pursuant to federal question jurisdiction and the Outer Continental Shelf Lands Act ("OCSLA").[2] On May 18, 2026, Plaintiff filed the present motion to remand.[3] On June 8, 2026, Defendant Schlumberger responded in opposition.[4]

## II. STANDARD OF REVIEW

A defendant may remove a case to federal court if the federal court has subject matter jurisdiction to hear the original complaint. 28 U.S.C. § 1441(a). Pursuant to OCSLA, "the United States shall have jurisdiction of cases and controversies arising out of, or in connection with, (A) any operation conducted on the outer Continental Shelf[.]" 43 U.S.C. § 1349(b). However, "[i]t is axiomatic that Jones Act suits may not be removed from state court[.]" *Lackey v. Atlantic Richfield Co.*, 990 F.2d 202, 207 (5th Cir. 1993). "If a civil action includes—(A) a claim arising under the

[1] *See Notice of Removal*, Document No. 1, Exhibit 1 at 6–8 (*Plaintiff's Complaint*).

[2] *See Notice of Removal*, Document No. 1 at 3.

[3] *See Plaintiff's Motion to Remand*, Document No. 7 at 1.

[4] *See Opposition to Plaintiff's Motion to Remand*, Document No. 8 at 1.

Constitution, laws, or treaties of the United States . . . and (B) a claim . . . that has been made nonremovable by statute" then "[u]pon removal of [the] action . . . the district court shall sever from the action all claims described in paragraph (1)(B) [the nonremovable claims] and shall remand the severed claims[.]" 28 U.S.C. § 1441(c). When evaluating a motion to remand, all factual allegations are considered in the light most favorable to the plaintiff, and any contested fact issues are resolved in the plaintiff's favor. *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308 (5th Cir. 2005). "[A]ny doubt about the propriety of removal must be resolved in favor of remand." *Gasch v. Harford Acc. & Indem. Co.*, 491 F.3d 278, 281–82 (5th Cir. 2007).

## III. LAW & ANALYSIS

Plaintiff moves to remand this matter to state court contending that "Defendants improperly removed by attempting to recast a merits issue, Plaintiff's seaman status, as a jurisdictional one."[5] In response, Defendant Schlumberger contends that "[t]here is no Fifth Circuit rule prohibiting district courts from conducting the seaman-status analysis in 'hybrid' cases involving OCSLA claims."[6] As a preliminary matter, the Court will consider whether or not Plaintiff's present motion warrants an analysis of Plaintiff's seaman status.

---

[5] *Plaintiff's Motion to Remand*, Document No. 7 at 1.

[6] *Opposition to Plaintiff's Motion to Remand*, Document No. 8 at 8.

Generally, a Jones Act claim, as is brought in this matter, is "not subject to removal[.]" *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 455 (2001). However, "a Jones Act claim that is 'fraudulently pleaded," or pleaded where there is no possibility that the plaintiff can prove seaman status, may be removed if there is an independent basis of federal jurisdiction." *Santee v. Oceaneering Int'l, Inc.*, 110 F.4th 800, 805 (5th Cir. 2024) (citation omitted). District courts routinely analyze a moving Plaintiff's seaman status to determine if a Jones Act claim is fraudulently pled. *See Edwards v. InterMoor, Inc.*, No. 23-30727, 2024 WL 3983332, at *3 (5th Cir. Aug. 29, 2024) (holding that "the magistrate judge appropriately applied federal law to determine Edwards's Jones Act seaman status[.]"). The Court may deny remand of a Jones Act claim only if, after "resolving all disputed facts and ambiguities in current substantive law in the plaintiff's favor," there is no "reasonable possibility of establishing a Jones Act claim on the merits." *Mendez v. Anadarko Petroleum Corp.*, 466 F. App'x 316, 318 (5th Cir. 1995) (per curiam).

Here, Plaintiff contends that this Court should not resolve seaman status at this stage.[7] In support of his contention, Plaintiff provides multiple unpublished district court cases in which courts "follow[ed] the statute severing and remanding

[7] *See Plaintiff's Motion to Remand*, Document No. 7 at 4.

Jones Act claims[.]"[8] The Court notes that Plaintiff's cited authorities are not binding on this Court. In response, Defendant Schlumberger provides this Court with multiple binding cases in which the Fifth Circuit conducted the exact analysis that Plaintiff suggests is prohibited.[9] Having considered the support provided by both parties, the Court finds that it is proper for this Court to analyze Plaintiff's seaman status for the purpose of determining if Plaintiff's Jones Act claim is fraudulently pled, and thus, if this matter required severance and removal. Accordingly, the Court will now consider Plaintiff's seaman status.

Through a series of cases, the Supreme Court created a two-pronged test to determine if a plaintiff is considered a seaman under the Jones Act: (1) the person's duties must contribute to the function or mission of the vessel; *and* (2) the person must have a connection to the vessel or fleet of vessels that is substantial in duration and in nature. *McDermott Int'l, Inc. v. Wilander*, 498 U.S. 337, 368 (1991); *Chandris, Inc. v. Latsis*, 515 U.S. 347, 368 (1995); *Harbor Tug and Barge Co. v.*

---

[8] *See Plaintiff's Motion to Remand*, Document No. 7 at 4 (citing *Tauriac v. Staffing the universe, LLC*, No. 4:24-cv-04290, 2025 WL 1886775 (S.D. Tex. June 18, 2025), report and recommendation adopted, 2025 WL 1886005 (S.D. Tex. July 8, 2025); *Patterson v. Baker Hughes Oilfield Operations, Inc.*, No. H-25-5715, 2026 WL 1052930 (S.D. Tex. Apr. 1, 2026), report and recommendation adopted, 2026 U.S. Dist. LEXIS 84586 (S.D. Tex. Apr. 17, 2026).

[9] *See Opposition to Plaintiff's Motion to Remand*, Document No. 8 at 8 (citing *Santee v. Oceaneering Int'l, Inc.*, 110 F.4th 800 (5th Cir. 2024); *Edwards v. InterMoor, Inc.*, No. 23-30727, 2024 WL 3983332 (5th Cir. 2024)).

*Papai*, 520 U.S. 548, 554 (1997). The Fifth Circuit propounded additional factors a Court must weigh when determining the nature of a potential seaman's connection to a vessel. Those factors are: (1) whether the worker owes his allegiance to the vessel, rather than simply to a shoreside employer; (2) whether the work is sea-based or involves seagoing activity; and (3) whether the worker's assignment to a vessel is limited to performance of a discrete task after which the worker's connection to the vessel ends, or if the worker's assignment includes sailing with the vessel from port to port or location to location. *Sanchez*, 997 F.3d at 574. The Court will first evaluate to what extent Plaintiff's duties contributed to the function or mission of the Vessel.

*1. Contribution to the Function or Mission of the Vessel*

Plaintiff contends, in the alternative, that "Defendants cannot establish fraudulent pleading[.]"[10] With respect to contribution to the vessel, Plaintiff contends that "he was assigned to work aboard the Deepwater Proteus, a vessel in navigation, where he performed sea-based work in furtherance of the vessel's mission[.]"[11] Defendant Schlumberger does not dispute that Plaintiff did work aboard the Deepwater Proteus for a period of time and contribute to its function and mission. Based on the foregoing, the Court finds that the record in this matter clearly

[10] *Plaintiff's Motion to Remand*, Document No. 7 at 14.

[11] *Plaintiff's Motion to Remand*, Document No. 7 at 14.

establishes that Plaintiff's duties, at least at some point, did contribute to the function and mission of the vessel. Accordingly, the Court finds that Plaintiff has satisfied the first element of the seaman-status test under *Chandris*. The Court will now consider the second element, the duration and nature of Plaintiff's connection to the vessel.

*2. Duration and Nature of Connection to the Vessel*

Plaintiff contends that he has established that his connection to the Vessel was substantial in duration and nature.[12] In response, Defendant Schlumberger contends that "[t]he unrefuted evidence attached to Schlumberger's Notice of Removal and reattached to this Opposition conclusively establishes that Plaintiff is not a seaman because he cannot satisfy either the 'duration' or 'nature' requirements[.]"[13] The Court first addresses whether Plaintiff's work meets the durational requirement of the second prong of the seaman status test before evaluating whether his work meets the nature requirement of the same.

*A. Duration Requirement*

Plaintiff contends that his work history establishes that he clearly meets the duration requirement.[14] On the contrary, Defendant Schlumberger contends that

---

[12] *Plaintiff's Motion to Remand*, Document No. 7 at 14–16.

[13] *Opposition to Plaintiff's Motion to Remand*, Document No. 8 at 13.

[14] *Plaintiff's Motion to Remand*, Document No. 7 at 15.

Plaintiff's work history conclusively establishes that he does not meet the duration requirement to be a seaman.[15] When analyzing the duration element of this prong of the seaman-status test, the "total circumstances of an individual's employment must be weighed." *Chandris*, 515 U.S. at 370. The *Chandris* Court also noted, agreeing with a prior Fifth Circuit opinion, "an appropriate rule of thumb" when analyzing the duration requirement is "[a] worker who spends less than about 30 percent of his time in the service of a vessel in navigation should not qualify as a seaman under the Jones Act." *Id.* at 371. If the worker serves on multiple vessels, the worker must have a connection to a fleet of vessels under the "requisite degrees of common ownership or control." *Papai*, 520 U.S. at 557. However, the seaman-status inquiry is not limited "exclusively to an examination of the overall course of a worker's service with a particular employer." *Chandris*, 515 U.S. at 371–72.

Here, Plaintiff contends that "Defendants attempt to negate seaman status by relying on a selective analysis of Plaintiff's work history[.]"[16] In response, Defendant Schlumberger contends that "it is Plaintiff who asks the Court to look selectively at his work history."[17] The dispute regarding the duration requirement rests, at least in part, on a disagreement regarding Plaintiff's start date. Plaintiff

---

[15] *See Opposition to Plaintiff's Motion to Remand*, Document No. 8 at 14.

[16] *Plaintiff's Motion to Remand*, Document No. 7 at 15.

[17] *Opposition to Plaintiff's Motion to Remand*, Document No. 8 at 13.

contends that employment began on December 27, 2023.[18] Defendant Schlumberger contends that this start day ignores the "first sixteen months of his employment during which he did not work on a Transocean vessel."[19]

Plaintiff contends, in relevant part, that "once Plaintiff began working Transocean assignments on December 27, 2023, he spent approximately 51 of the next 135 offshore workdays aboard Transocean drillships, approximately 38%."[20] In response, Defendant Schlumberger provides an alternative calculation contending that "[o]ver his entire 240 offshore workdays, Plaintiff spent just 51 days (21.25%) aboard vessels owned or operated by Transocean."[21] The Court notes that the record in this matter clearly establishes that Plaintiff's employment with Schlumberger began significantly prior to Plaintiff's first work aboard a Transocean drillship.[22] Plaintiff provides no explanation for why this Court should begin the calculation when Plaintiff started working aboard Transocean drillships rather than when Plaintiff began working for Defendant Schlumberger.

---

[18] *Plaintiff's Motion to Remand*, Document No. 7 at 15 ("once Plaintiff began working Transocean assignments on December 27, 2023[.]").

[19] *Opposition to Plaintiff's Motion to Remand*, Document No. 8 at 13.

[20] *Plaintiff's Motion to Remand*, Document No. 7 at 15.

[21] *Opposition to Plaintiff's Motion to Remand*, Document No. 8 at 15.

[22] *Opposition to Plaintiff's Motion to Remand*, Document No. 8, Exhibit 2 (*Work History Spreadsheet*); Exhibit 3 (*Load Charts*); Exhibit 4 (*Crew Lists*) [hereinafter collectively *Work History Spreadsheet*].

Based on the foregoing, and the Supreme Court's clear guidance that the total circumstances of employment must be considered, the Court finds that Defendant Schlumberger's calculation of Plaintiff's work history is correct.[23] As such, the Court finds that Plaintiff spent 21.25% of his days aboard vessels owned by Transocean, well under the 30% rule of thumb provided by the Supreme Court. Nonetheless, the Court notes that the 30% rule provided by the Supreme Court is a rule of thumb and not dispositive. As such, the Court will now consider the nature requirement of the second prong of the seaman-status test.

*B. Nature Requirement*

Plaintiff contends that he "alleges he was assigned to work aboard the Deepwater Proteus, a vessel in navigation, where he performed sea-based work in furtherance of the vessel's mission" and that "those allegations alone satisfy the 'nature' component of the *Chandris* inquiry."[24] In response, Defendant

---

[23] The Court notes that Plaintiff does not argue that his employment on Transocean vessels was an assignment "to a new position[.]" *See Chandris*, 515 U.S. at 372 (holding that "[i]f a maritime employee receives a new work assignment in which his essential duties are changed, he is entitled to have the assignment of the substantiality of his vessel-related work made on the basis of his new position."). Despite Plaintiff's failure to argue a new position, the Court has considered if Plaintiff's work on Transocean vessels was a new position. The Court notes that Plaintiff has provided no evidence that the work he completed on vessels not owned by Transocean differed at all from the work he completed on Transocean vessels. As such, the Court declines to consider Plaintiff's work on Transocean vessels a "new position" for the sake of this analysis.

[24] *Plaintiff's Motion to Remand*, Document No. 7 at 15.

Schlumberger contends that "Plaintiff also cannot satisfy the substantial-nature requirement."[25]

When analyzing the nature element, "the inquiry into the nature of the employee's connection to the vessel must concentrate on whether the employee's duties take him to sea" to "distinguish land-based from sea-based employees." *Papai*, 520 U.S. at 555. The Fifth Circuit promulgated additional factors to aid in the analysis of the nature of a plaintiff's connection to the vessel, which are: (1) whether the worker owes his allegiance to the vessel, rather than simply to a shoreside employer; (2) whether the work is sea-based or involves seagoing activity; and (3) whether the worker's assignment to a vessel is limited to performance of a discrete task after which the worker's connection to the vessel ends, or if the worker's assignment includes sailing with the vessel from port to port or location to location. *Sanchez*, 997 F.3d at 574. The Court evaluates the factors in turn.

*i. Allegiance to the Vessel*

Defendant Schlumberger contends, in relevant part, that "[t]he undisputed evidence shows that Plaintiff (1) owed no allegiance to and was never permanently assigned to any vessel, much less a Transocean vessel[.]"[26] Plaintiff appears to be contending that the sole fact that Plaintiff was assigned to work aboard the

---

[25] *Opposition to Plaintiff's Motion to Remand*, Document No. 8 at 15.

[26] *Opposition to Plaintiff's Motion to Remand*, Document No. 8 at 15–16.

Deepwater Proteus establishes that Plaintiff owed an allegiance to the Vessel. The Fifth Circuit in *Sanchez* held Courts should also consider when determining the nature of a worker's connection to a vessel whether the worker owes his allegiance to the vessel, rather than simply to a shoreside employer. *Sanchez*, 997 F.3d at 574 (citing *Wilander*, 498 U.S. at 347).

The Court has reviewed, in detail, the record in this matter and notes that Plaintiff was assigned to Deepwater Proteus, a Transocean drillship, for the periods between December 27, 2023, to January 13, 2024, and February 19, 2024, to March 3, 2024.[27] However, the Court further notes that immediately prior to these assignments, and immediately after, Plaintiff was assigned to other Vessels owned by other companies.[28] Over the course of his employment with Schlumberger, Plaintiff worked on vessels owned and operated by Seadrill, Noble, Valaris, Stena, Helix, Parker, White Fleet, and Transocean.[29] As previously mentioned, only 21.25% of Plaintiff's offshore work days were aboard a Transocean vessel.[30] As such, to the extent Plaintiff contends his allegiance was to Deepwater Proteus, one of the fourteen vessels Plaintiff worked offshore on through the course of his

---

[27] *See Work History Spreadsheet*, *supra* note 22 at 2.

[28] *See Work History Spreadsheet*, *supra* note 22 at 1–2.

[29] *See Work History Spreadsheet*, *supra* note 22 at 1–2.

[30] *See Work History Spreadsheet*, *supra* note 22 at 1–2.

employment, rather than his land-based employer Schlumberger, the Court is unconvinced. Based on the foregoing, the Court finds that this factor leans heavily in favor of the Defendant, that is that Plaintiff is not a seaman. The Court will now consider whether Plaintiff's work was sea-based or involves sea-going activity.

*ii. Sea-Based Work*

Plaintiff contends that "Plaintiff was not a land-based worker temporarily sent offshore; he was assigned to perform operational work aboard a drillship as part of an ongoing mission." Defendant Schlumberger does not dispute the fact that Plaintiff was engaged, at least in part, in sea-based work.[31] The Court notes that the record in this matter establishes that Plaintiff was working as a completions engineer aboard various vessels. As such, the Court finds that this factor weighs in favor of the Plaintiff, that is, that Plaintiff is a seaman. Lastly, the Court will consider whether Plaintiff's assignment to a vessel was limited to a discrete task.

*iii. Assignment to Vessel*

Plaintiff contends that Plaintiff's temporary assignment to work aboard the Deepwater Proteus satisfies the nature component and shows he was a sea-based worker rather than a transitory worker with vessel involvement.[32] Defendant

---

[31] *See Opposition to Plaintiff's Motion to Remand*, Document No. 8 at 14 (addressing the other two previously mentioned factors but not contesting that Plaintiff's work was sea-based).

[32] *See Plaintiff's Motion to Remand*, Document No. 7 at 14–15.

Schlumberger contends that Plaintiff "ended his connection to each vessel upon completion of each discrete job" and "never sailed with any vessel from location to location."[33] Case law has long held "specialized transient workers, usually employed by contractors" engaged to perform "specific discrete short-term jobs" are not considered seamen under the Jones Act. *Sanchez*, 997 F.3d at 576. This is because these workers usually have a "transitory or sporadic connection to a vessel or group of vessels" which is not sufficient to satisfy the nature prong of the test. *Id.* (quoting *Papai*, 520 U.S. at 559–60) (internal citations omitted).

Here, Defendant Schlumberger contends that "after Plaintiff's alleged injury, Plaintiff and every other member of the Schlumberger crew working on the Transocean Proteus departed the rig once Schlumberger's discrete job for its customer was complete."[34] Schlumberger further contends that "[o]ver the three-year period of his employment with Schlumberger, [Plaintiff] worked on twenty-two discrete, short-duration jobs for seven different Schlumberger customers, on twelve different vessels and three different platforms, operated by ten companies."[35] Based on the foregoing, and Plaintiff's lack of rebuttal on this point outside of the conclusory allegation that Plaintiff is a seaman, the Court finds that Plaintiff was a

---

[33] *Opposition to Plaintiff's Motion to Remand*, Document No. 8 at 16.

[34] *Opposition to Plaintiff's Motion to Remand*, Document No. 8 at 16.

[35] *Opposition to Plaintiff's Motion to Remand*, Document No. 8 at 16.

specialized transient worker engaged in short-term assignments to a variety of vessels owned by a variety of companies. Based on the foregoing, and the clear guidance of the Fifth Circuit that specialized transient workers are not Jones Act seamen, the Court finds that this factor weighs heavily in favor of the Defendant, that is, that Plaintiff is not a seaman.

Having considered the aforementioned factors, the Court finds that Plaintiff has failed to meet the nature requirement under *Chandris*. Based on the foregoing, and the Court's previous finding that Plaintiff fails to meet the rule of thumb duration requirement under *Chandris*, the Court finds that Plaintiff is not a seaman for the purposes of the Jones Act. As such, the Court finds that Plaintiff's Jones Act claim is fraudulently pleaded. Furthermore, considering that Plaintiff does not dispute that this Court has jurisdiction under OCSLA, the Court finds that this matter was removable under federal question jurisdiction and that, because Plaintiff's Jones Act claim was fraudulently pleaded, Plaintiff's Jones Act claim did not make this matter unremovable.

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Plaintiff's Motion to Remand (Document No. 7) is **DENIED**.

SIGNED at Houston, Texas, on this 17 day of September, 2026.

DAVID HITTNER
United States District Judge